ARKANSAS LOUISIANA GAS CO. v. PAUL D. PUGH, ET AL

5-4880                                        440 S.W. 2d 242

Opinion Delivered May 5, 1969

*Williams & Gardner* for appellant.

*Mobley, Bullock & Harris* for appellees.

FRANK HOLT, Justice.    This is an eminent domain proceeding in which the appellant took a pipeline right-of-way easement across adjoining lands belonging to the appellees, Paul D. and Mary Pugh and Reba Ryan. The two separate actions were consolidated for trial and appeal purposes.    The pipeline easement resulted in the total taking of 0.88 of an acre of the Pughs' land and 1.39 acres of Mrs. Ryan's land.    This easement is 30 feet in width and is parallel to a 50-foot right-of-way easement acquired in 1959 by the appellant.    Thus, the present width of the pipeline easement is 80 feet, within which there are now two parallel pipelines. The Pughs and Mrs. Ryan each asked $3,500 compensation.    A jury

awarded the Pughs $938 and Mrs. Ryan $1,084 damages. From the judgments upon those verdicts comes this appeal. The appellant generally contends for reversal there is no substantial evidence to support the verdicts in excess of the value of the acreage actually acquired within the right-of-way.

We first discuss appellant's assertion that there is no substantial evidence to support that part of the jury's verdicts which allowed damages for injury to property outside of the right-of-way. The appellant pressed this point following the verdicts by filing a Motion For Judgment Notwithstanding The Verdict, asking that a Mr. Pledger's evidence of $350 and $450 timber damage outside the right-of-way on the Pughs' and Ryan's property respectively be disallowed. It was asked that the judgments, after this disallowance, reflect $688 for the Pughs and $734 for Mrs. Ryan. The motion was denied. We think the motion had merit.

The appellees presented two expert value witnesses whose testimony was very similar. One of these was Jim Pledger who is a licensed real estate broker and has been engaged in the real estate business for many years. After the case was submitted, the jury through its foreman asked: "I would like to have the figures from Mr. Pledger's appraisal of the Rryan land and the Pugh land." He was then reminded that Pledger's testimony was that the difference in the before and after value of the Ryan land was $1,184 and the Pugh property $1,038. Within a few minutes, the jury returned its verdict for damages in the sum of $1,084 and $938 respectively, or exactly $100 less in each instance. According to Mr. Pledger, he allocated the damages to the Pugh property as being $188 for the acquisition of the 0.88 of an acre; $350 damages to the timber adjacent to the 30-foot strip; and $500 for residual damage to the balance of the property. His appraisal of damages to the Ryan property was based upon $234 for the

1.39 acres acquired; $450 damages to the timber adjacent to the 30-foot strip; and $500 residual damage.

According to appellant's evidence, the greatest difference between the before and after value of the Pugh's property was $150 and that of the Ryan property was $270.

In *Arkansas State Highway Commission* v. *Ptak,* 236 Ark. 105, 364 S.W. 2d 794 (1963) we reiterated that:

" * * * Where a witness gives his opinion as to damages, such testimony must be considered in connection with related facts upon which the opinion is based. * * * Whether there is substantial evidence to support a verdict is not a question of fact, but one of law. Because a witness testifies as to a conclusion on his part does not necessarily mean that the evidence given by him is substantial, when he has not given a satisfactory explanation of how he arrived at the conclusion."

When we apply these well settled principles, we are of the view that there is no competent or substantial evidence by any witness for the appellees to support an award to either property owner for damage to timber adjacent to or outside the right-of-way. It appears that the claim for damages to the timber adjacent to the new right-of-way is based principally upon evidence that some of this timber is now affected by a beetle disease. However, appellees' witness, Mr. Pledger, who testified about this disease, admitted that it was caused by a condition that existed before the acquisition of this 30-foot strip. We think appellant's motion to disallow this element of damages should have been granted.

Appellant now urges on appeal that there is no substantial evidence of any element of damages occasioned by the additional or expanded severance of

the lands. According to Mr. Pledger, the resulting damages were $500 to each landowner. His appraisal appears to be the highest of the competent evidence offered by value witnesses. Another expert witness reduced his figure from $500 to $250 during his testimony. According to the appellees' evidence, enlarging the right-of-way reduced the property in value by making it less attractive for sale upon the market; its accessibility was affected and logging operations were made more difficult. Although the reasons or related factors for this appraisal of damages are certainly vague and somewhat questionable, we think there is sufficient substantial evidence for the jury's consideration on this issue. The highest and best use of this property was for timber production.

As previously indicated, we agree with appellant's alternative contention that the court erred in not granting its Motion For Judgment Notwithstanding The Verdict. The competent evidence in the case at bar does not justify the Ryan judgment in excess of $734 [$1,184 less $450] and the Pugh judgment in excess of $688 [$1,038 less $350]. Accordingly, the judgments are affirmed upon condition of a remittitur of any sums in excess of these amounts. Otherwise, the judgments are reversed and remanded for a new trial.